```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT

UNITED STATES OF AMERICA       :
                               :
     v.                        :    DOCKET NO. 1:07CR7-01
                               :
BRUCE DAYE a/k/a               :
BRUCE ALLEN EMERSON            :
_____:
```

## RULING ON MOTION TO SUPPRESS
(Paper 11)

In an indictment dated January 18, 2007, defendant Bruce Daye was charged with two counts of possession of a firearm by a convicted felon.  See Indictment (Paper 4).  The defendant seeks to suppress evidence and statements he made at the time of his arrest on the state motor vehicle charges which preceded the federal indictment.

On May 23, 2007, the Court held an evidentiary hearing on the defendant's motion.  Upon consideration of the testimony and evidence presented at the hearing, and for the reasons set forth below, the Motion to Suppress is DENIED.

## Background

According to the record and a videotape in a Washington County Sheriff's Department (hereinafter "WCSD") cruiser, on March 23, 2006, at 9:03 a.m., WCSD Deputy Sheriff Jeffrey Severidt stopped the defendant for driving 75 mph in a 25 mph zone.  Upon calling in the defendant's identification, the WCSD

dispatcher informed Severidt that the defendant's license was suspended, and there was an outstanding warrant for his arrest.

At approximately 9:12 a.m., WCSD Sgt. Bret Meyer arrived to assist. Severidt returned to the defendant's vehicle, informed him of the warrant, and asked him to exit the vehicle.

The defendant responded that he wanted to call his girlfriend "Michelle" on his cell phone, which Severidt allowed him to do. Severidt took the phone and asked Michelle to come and retrieve the defendant's vehicle, which she declined to do.

One of the officers then summoned a tow truck from a local gas station. Sgt. Meyer handcuffed the defendant, patted him down, and emptied the contents of his pockets onto the hood of Severidt's cruiser.

After arresting the defendant, at 9:18 a.m., Deputy Sheriff Severidt returned to the defendant's vehicle. He found an open can of beer and a partial six-pack, still cold, in the driver's seat. He also found a loaded .9 mm handgun under the driver's seat.

At 9:23 a.m., Severidt drove the defendant to the WCSD office in Montpelier. Once at the WCSD office, Deputy Sheriff Severidt read the defendant his <u>Miranda</u> rights. The defendant interrupted the recitation, indicating he "was familiar" with his <u>Miranda</u> rights; nevertheless, Severidt completed the reading. The defendant refused to sign the <u>Miranda</u> waiver, and he did not

request counsel.  Because the defendant did not sign the waiver, Officer Severidt did not question him.  See Government's Ex. 2.

About 11:30 a.m., as Severidt completed paperwork related to the arrest, the defendant asked what was "next."  The defendant was informed he would be taken to Washington District Court to be arraigned on state charges and to answer the arrest warrant.  The defendant said "he knew what that meant, adding, 'I'm a convicted felon in possession of a firearm."  See Affidavit of Matthew J. Ekstrom (Paper 1) at para. 3.  In response, Severidt asked him why he had the firearm, and the defendant responded that he planned to "end the pain" and kill his ex-wife, then shoot himself.  He stated, "You probably saved two lives today," and further explained he had been speeding to catch his ex-wife as she walked into work.  The defendant asks the Court to suppress these statements, as well as the weapon the officer discovered.

## Discussion

In New York v. Belton, 453 U.S. 454, 460 (1981), the Supreme Court held "that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." (Footnotes omitted).  That holding was affirmed in Thornton v. United States, 541 U.S. 615, 623-24 (2004), where the Court further declared: "Once an officer determines that there is probable cause to make an arrest, it is

reasonable to allow officers to ensure their safety and to preserve evidence by searching the entire passenger compartment," even if the arrestee has already left the vehicle.

<u>Belton</u> and <u>Thornton</u> govern this case.  The defendant was properly arrested, and Deputy Sheriff Severidt acted reasonably when, after defendant's arrest, he searched his vehicle and found alcohol and the gun.  There is no discernable ground for suppressing the evidence.

Moreover, the defendant has conceded his "statement while in custody that he is a felon in possession of a gun, his recorded statement to his sister about the gun and his statement to corrections about it do not implicate <u>Miranda</u>."  <u>See</u> Motion to Suppress (Paper 11) at 6.  He nevertheless argues that his statements are "fruits" of the improper discovery of the gun in his vehicle.  As discussed <u>supra</u>, that contention is without merit.  To the extent defendant argues the statements he made to Severidt after he blurted out "I am a convicted felon with a firearm" are governed by <u>Miranda</u>, Daye clearly waived his right to remain silent.  <u>Cf.</u> <u>United States v. Scarpa</u>, 897 F.2d 63, 68 (2d Cir. 1990) (finding no <u>Miranda</u> violation where defendant "expressed an understanding of his rights, indeed interrupted the agent who advised him of his rights . . . ").

The Motion to Suppress is DENIED.  This case will be placed on the August 8, 2007 trial calendar.

SO ORDERED.

Dated at Brattleboro, Vermont, this 15th day of June, 2007.

<u>/s/ J. Garvan Murtha</u>
J. Garvan Murtha
United States District Judge