UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | File No. 1:07-CR-7 |
| | : | |
| BRUCE DAYE | : | |
| a/k/a BRUCE A. EMERSON | : | |

RULING ON DEFENDANT'S MOTION TO RECONSIDER
(Paper 54)

Defendant Bruce Daye moves the Court to reconsider its June 15, 2007 ruling (Paper 11) denying his motion to suppress evidence and statements (Paper 54). The government opposes. (Paper 57.) For the reasons set forth below, the Motion to Reconsider is denied.

In March 2006, Daye was stopped in Montpelier for driving 75 miles per hour in a 25 mile per hour zone. The police officer discovered Daye had a suspended license and an outstanding warrant for his arrest. Daye was arrested, handcuffed, and placed in the police cruiser. The police found a six-pack of beer with an open can in the front of the car and a loaded pistol under the driver's seat.

In January 2007, Daye was charged with two counts of possession of a firearm by a convicted felon. (Paper 4.) Because of Daye's history of felony convictions, the charges may carry a mandatory minimum prison sentence of 15 years. Daye moved to suppress the handgun, arguing the search of his car without a warrant violated the Constitution. (Paper 11.) After briefing and a hearing, the Court denied the motion relying on New York v. Belton, 453 U.S. 454 (1981) and Thornton v. United States,

541 U.S. 615 (2004), which authorize a search of the passenger compartment of a car following the arrest of an occupant. Belton, 453 U.S. at 460; Thornton, 541 U.S. at 623-24.

Before trial in August, Daye entered an unconditional guilty plea to the felon-in-possession charge. See Dkt. Entry No. 23. Daye admitted he possessed the pistol and acknowledged he was guilty of being a felon-in-possession. See Paper 56 at 8. He further acknowledged he understood that by pleading guilty he waived his right to trial and any rights of appeal except with regard to his sentence. Id. at 13-14.

In February 2008, the Court sentenced Daye to 15 years' imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(c), after finding Daye had four qualifying prior violent felonies. Daye appealed the sentence. The Circuit Court reviewed the sentence in light of two new Supreme Court decisions bearing on what constitutes a violent felony under the ACCA. The Circuit determined sexual assault on a child remains a qualifying predicate felony but remanded to this Court to determine in the first instance whether Daye's escape conviction remains an ACCA predicate and, if not, whether two of the sexual assault convictions, which arose from assaults on two victims on the same day, qualify as separate ACCA predicate felonies. United States v. Daye, 571 F.3d 225, 236-37 (2d Cir. 2009).

Also while Daye's appeal was pending, the Supreme Court issued a decision narrowing the holdings in Belton and Thornton. Daye's motion relies on Arizona v. Gant, 129 S. Ct. 1710 (2009) to argue the Court should reconsider its June 2007 ruling

and suppress evidence of the gun. (Paper 54 at 4-6.) As the government points out, however, Daye abandoned his right to contest evidence of the gun in 2007 when he entered an unconditional guilty plea to possessing it. (Paper 57 at 4.)

Daye's guilty plea "conclusively resolve[d] the question of [his] factual guilt." United States v. Gregg, 463 F.3d 160, 164 (2d Cir. 2006). Whether the case law regarding warrantless searches of automobiles contemporaneous to an arrest has changed is irrelevant. Even if the Court were to grant Daye's motion to reconsider and revisit its determination of the motion to suppress, a favorable ruling would not benefit Daye: Suppression of the gun would not affect Daye's admission that he was a felon in possession of a gun. His guilty plea "conclusively establishes the factual predicate for the offense," id.; therefore, his "conviction is unaffected by an alleged Fourth Amendment violation." Id. at 165. See also United States v. Cordero, 42 F.3d 697, 698 (1st Cir. 1994) ("an unconditional guilty plea insulates virtually all earlier rulings in the case").

Daye's Motion to Reconsider This Court's Ruling on Defendant's Motion to Suppress Evidence (Paper 54) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 5th day of February, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Martha
Senior United States District Judge